IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RALPH WILSON LINGO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:11cv340-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* pleading filed by Ralph Wilson Lingo ("Lingo") and styled as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. (Doc. No. 1.) By his petition, Lingo challenges his conviction and the sentence imposed by this court in 2007 for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Lingo*, Case No. 1:05cr32-WHA. For the reasons that follow, Lingo is not entitled to any relief by this court.

**I.   DISCUSSION**

Lingo challenges his federal firearm conviction, alleging he has "new evidence" showing that his conviction was improper and that there was a fatal variance in the indictment. (Doc. No. 1 at pp. 5-17.) Although Lingo styles his pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, the law directs that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and/or sentence imposed by

a federal court.[1]  *See* 28 U.S.C. § 2255(a) and (e); *Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Thus, regardless of Lingo's own labeling of his pleading, this court finds that his pleading is of the same legal effect as – and should be construed as – a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

A review of this court's records establishes that Lingo has filed two previous 28 U.S.C. § 2255 motions in this court challenging the conviction and sentence he attacks by his present pleading.  His first § 2255 motion was filed on May 4, 2007, and was denied by this court on June 24, 2008.  *See Lingo v. United States*, 1:07cv388-WHA (Doc. Nos. 1, 54, 63, and 64).  His second § 2255 motion was filed on December 4, 2009, and was denied by this court on January 1, 2010, upon the court's finding that the motion was a successive § 2255 motion filed without the requisite permission from the Eleventh Circuit Court of Appeals.  *See Lingo v. United States*, 1:09cv1109-WHA (Doc. Nos. 1, 2, 7, and 8).  Lingo's

---

[1] Lingo is currently incarcerated in an Alabama penitentiary.  The 37-month sentence imposed by this court in March 2007 for his federal firearm conviction was ordered to run consecutively to any other sentence Lingo was serving.  Although Lingo challenges only his federal conviction in his instant pleading, he makes references to various state charges from Houston County and Henry County, Alabama, for which he was not convicted, and to state convictions from Houston County. If Lingo seeks to challenge the state convictions from Houston County, he should do so through a separate petition for a writ of habeas corpus under 28 U.S.C. § 2254.

instant motion faces the same fate.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") became effective on April 24, 1996. Section 105 of the AEDPA, which amended 28 U.S.C. § 2255, directs that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A). The statute further requires that, in authorizing a district court to consider a second or successive § 2255 motion, a panel of the appropriate court of appeals must certify that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The pleadings and documents in the instant case reflect that Lingo has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. Accordingly, this court lacks jurisdiction to consider Lingo's present motion, and the motion is due to be summarily dismissed. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion); *see also Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.

1997).

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Lingo be denied and this case dismissed, as Lingo has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive motion.

It is further

ORDERED that on or before **June 9, 2011**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th  Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the

close of business on September 30, 1981.

Done this 26th day of May, 2011.

                                              /s/Charles S. Coody
                                CHARLES S. COODY
                                UNITED STATES MAGISTRATE JUDGE